17-2908-cv
*LaVenture v. United Nations*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of December, two thousand eighteen.

PRESENT:  JOSÉ A. CABRANES,
            CHRISTOPHER F. DRONEY,
            RICHARD J. SULLIVAN,
                        *Circuit Judges.*

---

MARIE LAVENTURE, each individually and on behalf of the Estate of CHERYLUSSE LAVENTURE, and the Estate of MARIE THERESE FLEURICIANE DELINAIS, and the additional persons and their representatives listed on Exhibit 1, and on behalf of all others similarly situated, MAGGIE LAVENTURE, each individually and on behalf of the Estate of CHERYLUSSE LAVENTURE, and the Estate of MARIE THERESE FLEURICIANE DELINAIS, and the additional persons and their representatives listed on Exhibit 1, and on behalf of all others similarly situated, SANE LAVENTURE, each individually and on behalf of the Estate of CHERYLUSSE LAVENTURE, and the Estate of MARIE THERESE FLEURICIANE DELINAIS, and the additional persons and their representatives listed on Exhibit 1, and on behalf of all others similarly situated, CARMEN LAVENTURE, each individually and on behalf of the Estate of CHERYLUSSE LAVENTURE, and the Estate of MARIE THERESE FLEURICIANE DELINAIS, and the additional persons and their representatives listed on Exhibit 1, and on behalf of all others similarly situated,

v.

UNITED NATIONS; UNITED NATIONS STABILIZATION
MISSION IN HAITI, BAN KI-MOON, former Secretary-
General of the United Nations; EDMOND MULET,
former Under-Secretary-General for the United
Nations Stabilization Mission in Haiti, CHANDRA
SRIVASTAVA, former Chief Engineer for the United
Nations Mission to Haiti; PAUL AGHADJANIAN, Chief
of Mission Support for the United Nations Mission to
Haiti; PEDRO MEDRANO, Assistant Secretary-General
of the United Nations; MIGUEL DE SERPA, Under
Secretary for Legal Affairs,

*Defendants-Appellees.*

---

**FOR PLAINTIFFS-APPELLANTS:**    James F. Haggerty, Law Office of James
F. Haggerty, New York, NY.

Paul M. Tarr, Lester Schwab Katz &
Dwyer, LLP, New York, NY.

Mark A. Gottlieb, Northeastern
University School of Law, Boston, MA.

**FOR DEFENDANTS-APPELLEES:**    No appearance.

   Appeal from an order of the United States District Court for the Eastern District of New
York (Sandra L. Townes, *Judge*).

   **UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED,
ADJUDGED, AND DECREED** that the order of the District Court be and hereby is
**AFFIRMED**.

   Plaintiffs-Appellants ("plaintiffs") appeal from the August 24, 2017 judgment of the District
Court dismissing the case for lack of subject matter jurisdiction pursuant to Federal Rule of Civil
Procedure 12(h)(3). Plaintiffs are citizens of the United States or Haiti "who have been or will be
injured or who are or will be the personal representative of a person who was or will be killed by
cholera contracted in Haiti on or after October 9, 2010." App. 172. Plaintiffs brought this putative
class action against defendants the United Nations ("UN"), the UN Stabilization Mission in Haiti
("MINUSTAH"), and various UN officials, seeking to hold them responsible for negligently causing
the cholera outbreak in Haiti. We recently addressed a substantially similar putative class action

premised on the same facts. *See Georges v. United Nations*, 834 F.3d 88 (2d Cir. 2016). We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

Plaintiffs contend that the District Court erred in dismissing this action against defendants for lack of subject matter jurisdiction based on defendants' immunity from suit. In reviewing a dismissal of a complaint for lack of subject matter jurisdiction "we review factual findings for clear error and legal conclusions *de novo*, accepting all material facts alleged in the complaint as true and drawing all reasonable inferences in the plaintiff's favor." *Georges*, 834 F.3d at 92 (internal quotation marks omitted).

It is well established that the UN and MINUSTAH have absolute immunity from suit in domestic courts pursuant to the Convention on Privileges and Immunities of the United Nations, Feb. 13, 1946, *entered into force with respect to the United States* Apr. 29, 1970, 21 U.S.T. 1418, ("CPIUN"). *See Brzak v. United Nations*, 597 F.3d 107, 112 (2d Cir. 2010); *Georges*, 834 F.3d at 97. Section 2 of the CPIUN provides that the UN "shall enjoy immunity from every form of legal process except insofar as in any particular case it has expressly waived its immunity." CPIUN, art. II, § 2. This immunity applies even where the UN allegedly fails to fulfill its obligations under the CPIUN to make provisions to settle certain disputes. *Georges*, 834 F.3d at 97.

Plaintiffs attempt to circumvent this immunity by arguing that the UN expressly waived its immunity from suit in domestic courts for torts arising out of peacekeeping operations. To support this contention, plaintiffs rely on two reports from the 1990s that address the UN's procedures for settling claims arising out of UN peacekeeping operations. The first report was issued in 1996 and addresses the procedures for settling third-party claims arising from UN peacekeeping missions. U.N. Secretary-General, *Administrative and Budgetary Aspects of the Financing of United Nations Peacekeeping Operations: Financing of the United Nations Peacekeeping Operations*, U.N. Doc. A/51/389 (September 20, 1996) ("Report 51/389"). A related report was issued in 1997 and addresses developing specific measures for implementing the principles described in Report 51/389. U.N. Secretary-General, *Administrative and Budgetary Aspects of the Financing of United Nations Peacekeeping Operations: Financing of the United Nations Peacekeeping Operations*, U.N. Doc. A/51/903 (May 21, 1997) ("Report 51/903"). Both reports were adopted by resolution by the General Assembly of the UN. G.A. Res. 52/247, U.N. Doc. A/RES/52/247 (June 26, 1998).

Plaintiffs argue that these reports' repeated use of the term "liability" constitutes express waiver of immunity from legal process in domestic courts. This is plainly incorrect. The reports describe procedures for redress for third-party claims through standing claims commissions or internal UN procedures. *See* Report 51/389, ¶ 20 (describing the two procedures). It is clear that the reports' descriptions of the UN's "liability" refer only to their responsibility in these non-judicial forums and do not constitute an express waiver of immunity from legal process in domestics courts. In a section entitled "the principle of liability," Report 51/389 clearly states that the UN "has, since the inception of peacekeeping operations, assumed its liability for damage caused by members of its forces in the performance of their duties." *Id.* ¶ 7. It further provides that such responsibility is discharged "by means of a standing claims commission" addressing claims "which for reasons of

3

immunity of the Organization and its Members could not have been submitted to local courts." *Id.* Similarly, Report 51/903 notes that the rationale for establishing standing claims commissions is to settle disputes "over which local courts have no jurisdiction because of the immunity of the Organization or its members." Report 51/903, ¶ 7. Nowhere in either report does the UN expressly waive its immunity to any form of legal process. The mere use of the word "liability" in these reports about non-judicial dispute resolution falls well short of the express waiver required under the CPIUN.

To the contrary, the UN has always maintained and continues to maintain its immunity from legal process in domestic courts. *See* Letter from Stephen Mathias, Assistant Secretary-General for Legal Affairs, to Nikki R. Haley, Permanent Representative of the United States of America to the United Nations (May 2, 2017).

We conclude that the United Nations enjoys absolute immunity from the instant suit and that the UN has not expressly waived its immunity. Moreover, plaintiffs' only argument that MINUSTAH and the individual defendants are not immune is fully derivative of their claim that the UN expressly waived immunity. Because we have rejected that argument, we conclude that MINUSTAH and the individual defendants are similarly immune from this suit. Accordingly, the District Court did not err in dismissing all claims against all defendants for lack of subject matter jurisdiction based on immunity.

In the alternative, plaintiffs argue that the District Court should have granted them jurisdictional discovery to help establish that the UN waived its immunity. They contend that internal discussions within the UN around the time that it accepted responsibility for the cholera outbreak may shed light on whether the UN waived its immunity with respect to this event. This argument is without merit. Under the CPIUN, waiver must be "express[]." *Brzak*, 597 F.3d at 112. Internal discussions concerning the extent or nature of the UN's liability that were never communicated to the public would not be relevant to determining whether the UN expressly waived its immunity. Plaintiffs identify no other way in which jurisdictional discovery could help them establish that the UN expressly waived its immunity, and none is apparent.

## CONCLUSION

We have reviewed all of the arguments raised by plaintiffs on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the August 24, 2017 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4